## WHEATLEY vs. SHOBE.

*Sixth District Court for Sacramento Co., Feb. T.,* 1858.

### GARNISHEE—INTERVENTION.

S. being indebted to W., the latter drew an order upon him, payable "to bearer;" W. was also indebted to H. W. commenced an action against S. for the recovery of his debt. S. set up that he had been garnisheed by the creditors of H., for whose benefit he avers the order was originally drawn. The creditors of H. also garnisheed W., and filed a bill of intervention in "W. v. S.," claiming that they had a right to the specific proceeds of the judgment.

*Held,* that the defense set up by S. was insufficient, and that intervenors could not maintain their claim.

The requisite facts are fully referred to in the opinion. Tried by the court, a jury having been waived.

BOTTS, J.—The plaintiff alleges that the defendant is indebted to him in the sum of $236 50. The answer admits the indebtedness, but alleges that the plaintiff drew an order on him, the defendant, for the said sum; that the order was payable to " bearer," but was intended for one *Howell;* that defendant never accepted said order, and that he has been garnisheed by creditors of *Howell.* This clearly constitutes no defense to plaintiff's demand, and therefore the demurrer to to the answer must be sustained, and judgment rendered for the plaintiff.

But *Wilcox & Co.* file a bill, praying to be allowed to intervene, setting up a prior right to the debt originally due from *Shobe* to *Wheatley.* They allege that they are judgment creditors of *Howell;* that *Wheatley,* being indebted to *Howell,* drew an order on *Shobe* in favor of *Howell* for the amount of the debt due from *Shobe* to *Wheatley,* and that the said order was accepted by *Shobe;* and that both *Shobe* and *Wheatley* were served by notice of garnishment of their claim against *Howell.* If these allegations be all true; I do not see that they establish an equitable title in the intervenors to the specific proceeds of this judgment. In the first place, the order by *Shobe* may have been returned to *Wheatley* by *Howell,* in consequence of the non-payment by the acceptor. In that event, it is true, *Wheatley* would have still remained indebted to *Howell,* and may have become liable to *Howell's* creditors by process of garnishment served upon him; but it is not, it seems to me, in this suit that the claim of the intervenors against either *Shobe* or *Wheatley* is to be determined. If either *Shobe* or *Wheatley* was indebted to *Howell* at the time of the garnishment, there is a process, and a very summary one, by which the intervenors can obtain judgment against them, and it is to that remedy that the petitioners must be left.

The petition of the intervenors is denied.